UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN HALEBIAN, Individually and on behalf of all other similarly situated trust beneficiaries and derivatively on behalf of CITIFUNDS TRUST III,

          Plaintiff,

- against -

ELLIOTT J. BERV, DONALD M. CARLTON, A. BENTON COCANOUGHER, MARK T. FINN, STEPHEN R. GROSS, DIANA R. HARRINGTON, SUSAN B. KERLEY, ALAN G. MERTEN, and R. RICHARDSON PETTIT,

          Defendants,

- and -

CITIFUNDS TRUST III,

          Nominal Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

No. 06-cv-4099 (NRB)

**NOTICE OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

**(Oral Argument Requested)**

      PLEASE TAKE NOTICE, that upon the accompanying Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint (the "Memorandum"), the Declaration of Mark T. Finn in Support of Defendants' Motion to Dismiss the Complaint and the exhibits thereto (the "Finn Declaration"), and upon the Complaint and all other papers and prior proceedings heretofore had, served and/or filed herein, nominal defendant CitiFunds Trust III (the "Trust") and defendants Elliott J. Berv, Donald M. Carlton, A. Benton Cocanougher, Mark T. Finn, Stephen Randolph Gross, Diana R. Harrington, Susan B. Kerley, Alan G. Merten and R. Richardson Pettit (collectively, the "Independent Trustees") will move this Court, before the Honorable Naomi Reice

1

Buchwald, United States District Judge, at the United States Courthouse for the Southern District of New York, 500 Pearl Street, New York, New York 10007, at a date and time to be established by the Court, for an order dismissing the Complaint in its entirety with prejudice pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(6) & 23.1 and Massachusetts General Laws Chapter 156D, §§ 7.42 and 7.44.

The grounds for the motion, which are set forth in more detail in the Memorandum and the Finn Declaration are as follows:

1. Claim I, which is pled as a derivative cause of action on behalf of the Trust against the Independent Trustees, must be dismissed under § 7.44(d) and Rule 23.1 because the Independent Trustees rejected Plaintiffs' pre-suit demand after an extensive investigation. Under Massachusetts law, this decision is protected by the business judgment rule, unless Plaintiff can plead particular facts showing that demand was wrongfully rejected, *i.e.*, that a majority of the Board of Trustees of the Trust was not independent or that the Independent Trustees failed to act in good faith or conduct a reasonable inquiry in response to Plaintiff's demand. Plaintiff has not made and cannot make this showing.

2. Claims II and III, which are styled as direct claims, must be dismissed under Rule 12(b)(6) because they are derivative in nature as a matter of law, and Plaintiff has not made a pre-suit demand as required by Massachusetts law in all cases.

3. Claim II must also be dismissed under Rule 12(b)(6) because it seeks relief under § 20(a) of the Investment Company Act of 1940, 15 U.S.C. § 80a-20(a), and there is no private right of action under that section.

4. Claims II and III must also be dismissed under Rules 9(b) and 12(b)(6) because they are based on allegedly false and misleading statements in a Proxy Statement. Plaintiff has not pled fraud with the particularity required by Rule 9(b), and the passages in the Proxy Statement that are referenced in the Complaint are, as a matter of law, not materially false or misleading.

5. Although Plaintiff purports to assert claims on behalf of six different mutual funds (which together comprise the Trust), he only alleges that he is a shareholder in one of these Funds. Plaintiff lacks standing to assert claims as to funds in which he is not a shareholder, and his claims concerning these funds must be dismissed under Rule 12(b)(6).

A proposed order is submitted herewith.

Respectfully submitted,


s/ Matthew M. Hoffman
Michael K. Isenman  (*pro hac vice*)
Matthew M. Hoffman  (MH-2668)
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, DC 20001
Tel: (202) 346-4000
Fax: (202) 346-4444

James S. Dittmar (*pro hac vice*)
GOODWIN PROCTER LLP
Exchange Place
53 State St.
Boston, MA 02109
Tel: (617) 570-1000
Fax: (617) 523-1231

Jeffrey A. Simes (JS-7060)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212)813-8800
Fax: (212) 355-3333

*Attorney for Defendants and for Nominal Defendant CitiFunds Trust III*

Dated:  October 23, 2006

*FILED ELECTRONICALLY*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23th day of October, 2006, I caused the foregoing Notice of Defendants' Motion to Dismiss Complaint, together with the Memorandum of Law, the Declaration of Mark T. Finn (the "Finn Declaration") in support thereof, and a proposed order, to be served and filed by electronic means, via the Court's CM/ECF system, in accordance with the procedures promulgated by the Court, with the exception of Exhibit K to the Finn Declaration, which the Court has permitted Defendants to serve and file in hard-copy form on account of its voluminous nature.  I further certify that I caused a copy of the complete Finn Declaration, including Exhibit K, to be placed for overnight delivery in hard-copy form to the following counsel of record for Plaintiff:

> Joel C. Feffer
> James Gerard Flynn
> Daniella Quitt
> WECHSLER HARWOOD LLP
> 488 Madison Avenue, 8th Floor
> New York, NY 10022

                                                            s/ Matthew M. Hoffman