UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOHN HALEBIAN, individually and            :
on behalf of all other similarly          :
situated trust beneficiaries              :        No. 06-cv-4099 (NRB)
and derivatively on behalf of             :        ECF CASE
CITIFUNDS TRUST III,                      :
                                          :
               Plaintiff,                 :
                                          :
                                          :
          -against-                       :
                                          :
ELLIOT J. BERV, DONALD M. CARLTON,        :
A. BENTON COCANOUGHER, MARK T.            :
FINN, STEPHEN RANDOLPH GROSS,             :
DIANA R. HARRINGTON, SUSAN B.             :
KERLEY, ALAN G. MERTEN, and               :
R. RICHARDSON PETTIT,                     :
                                          :
               Defendants,                :
                                          :
          -and-                           :
                                          :
CITIFUNDS TRUST III,                      :
                                          :
               Nominal Defendant.         :
-------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR LEAVE TO TAKE DISCOVERY
AND TO AMEND THE COMPLAINT**

## Preliminary Statement

Plaintiff respectfully seeks leave to take discovery and to file a proposed amended complaint.

This action arises out of Citigroup, Inc.'s 2005 sale of substantially all of its asset management business to Legg Mason, Inc.   In accordance with Massachusetts' universal demand statute, plaintiff duly demanded that defendants sue themselves.   Defendants chose two of their own to form a Demand Review Committee (the "DRC").   After an "investigation," and to no one's surprise, the DRC found that its members, as well as the other defendants, were entirely blameless and moved to dismiss this action.   This Court granted the motion in all respects without first affording plaintiff the right to conduct discovery.   On appeal, the Second Circuit held that defendants' motion to dismiss should be decided in the context of a Fed. R. Civ. P. 56 summary judgment motion.

As far as plaintiff is aware, the Second Circuit's decision is the first reported decision to hold that Rule 56, as written, governs a motion to dismiss a derivative action by a committee of a legal entity's board.   Most courts addressing the inherent conflict between dismissal at the pleading stage based upon a committee report and the obvious need for discovery treated motions to dismiss based on the decisions of special litigation committees (here, the DRC), as a "hybrid" motion brought under Rules 12(b)(6) and 41(a)(2), and permit only limited discovery.   Strougo v. Bassini. No. 97 Civ. 3579 (RWS), 1999 WL 249719 (S.D.N.Y. May 4, 1999), at *5.   There should be no question now that defendants' motion is to be treated as one for summary judgment. Interestingly, if the motion is granted, plaintiff will, in large part, be doing defendants' work because defendants' motion is supported entirely on the hearsay record which, in itself, ought to preclude any finding in favor of defendants.

1

Plaintiff should also be allowed to amend the complaint.   Both this Court's and the Second Circuit's discussion of the relevant Massachusetts statute suggest that given that plaintiff filed the complaint before the DRC issued its report, an amendment to the complaint is contemplated by the Massachusetts statute itself.   The proposed amended pleading merely fleshes out the original complaint based on defendants' lengthy submissions and clarifies that plaintiff is alleging that defendants' acquiescence in the use of "echo voting" procedures, was a breach of their fiduciary duties.

The proposed amended complaint cannot under any circumstances prejudice defendants as it is based entirely on facts known or available to them and which they put before the Court. Further, upon remand to this Court, plaintiff immediately advised the Court (and defendants) of his intention to seek leave to file an amended complaint.

### The Facts

As the Court already is familiar with the facts in this action, they will not be repeated in detail.   This action was commenced on May 30, 2006.   Defendants moved to dismiss the action in October 2006.   The motion was granted in part in July 2007.   Plaintiff appealed the dismissal to the Second Circuit resulting in three opinions, two by the Second Circuit and one by the Massachusetts Supreme Court.   This action was remanded to this Court on June 1, 2011.   Despite its age, this case is still in its earliest stage as there has been no discovery and issue has not been joined.

2

## ARGUMENT

## I.   PLAINTIFF IS ENTITLED TO DISCOVERY

In its May 6, 2011 Opinion, the Second Circuit, among other things, vacated this Court's dismissal of plaintiff's derivative claim.   Halebian v. Berv, 644 F.3d 122, 127 (2d Cir. 2011).   In considering the interplay between Mass. Gen. Law ch. 156, § 7.44 and Fed. R. Civ. P 12(b)(6), the Second Circuit concluded that under the facts present here, this Court should "complete its evaluation of this matter on remand by converting the defendants' motion to dismiss into one for summary judgment."   Id. at 130.

It would be highly unusual and extremely prejudicial to plaintiff to convert defendants' motion to dismiss into one for summary judgment and continue to deprive plaintiff of discovery. It is well established that once a motion to dismiss is converted to a motion for summary judgment, plaintiff is entitled to conduct discovery.   In Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2001), the Second Circuit held that once the district court considered documents extrinsic to the pleadings, it was "obligated to convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery . . . ."   Id.   In a Second Circuit opinion which followed Time Warner, the court held that "[d]etermining the summary judgment motion is fact-intensive.   It is the proper procedural device to consider matters outside the pleadings, such as facts unearthed in discovery, depositions, affidavits, statements and any other relevant form of evidence."   Global Network Comm's Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006).

Plaintiff has, from as early as 2006, argued that because of the defendants' proffer of the DRC's report, he is entitled to discovery.   Among other things, defendants have alleged that they are independent and made a good faith and reasonable investigation.   This bootstrap argument premised entirely on hearsay must be tested by discovery.   At the August 4, 2011 conference,

3

premised entirely on hearsay must be tested by discovery.   At the August 4, 2011 conference, plaintiff suggested to the Court that the two DRC members are not entitled to a presumption of independence.[1]   Such lack of independence is not cured simply by the retention of outside counsel.   Certainly, now in the context of a motion for summary judgment, defendants' evidence which has been presented to the Court in the form of hearsay must be tested.   "It is well established that, 'in determining the appropriateness of a grant of summary judgment, [this court], like the district court in awarding summary judgment, may rely only on admissible evidence.'"   Spiegel v. Schulman, 604 F.3d 72, 81 (2d Cir. 2010).

Under Massachusetts law, for example, an individual acting as outside counsel would not be deemed independent for demand purposes.   See Demoulas v. Demoulas Super Markets, Inc., No. 90-2927(B), 1995 Mass. Super. LEXIS 870, at *220 (1995).   Further, at best, in the context of establishing the propriety of the invocation of the business judgment rule, reliance on the advice of an investment or legal advisor is only one consideration.   See, e.g., Valeant Pharm. Int'l v. Jerney, 921 A.2d 732, 751 (Del. Ch. 2007) ("Although 'reasonable reliance on expert counsel is a pertinent factor in evaluating whether corporate directors have met a standard of fairness in their dealings with respect to corporate powers,' its existence is not outcome determinative of entire fairness.").   Thus, this Court's reliance on the DRC's retention of Counsel is unfounded.

The Second Circuit also noted that the Massachusetts statute "contemplates an additional opportunity for the plaintiff to rebut – if he or she has not done so in the original complaint – the

---

1      As noted by the Second Circuit (and consistent with prevailing authority in other jurisdictions that have considered the issues), the Massachusetts statute provides a series of factors which in and of itself would not require a director to be considered not independent (see footnote 5).   Certainly here, as detailed in the proposed First Amended Complaint, there are numerous factors which preclude a presumption of independence prior to an opportunity by plaintiff to test such finding.

defendant's factual showings of independence, good faith, and reasonable inquiry, either through an amended complaint or some other 'written filing with the court.'" <u>Halebian</u>, 644 F.3d at 131. This plaintiff proposes doing through the agency of the proposed First Amended Complaint.   For example, and using materials provided by the DRC, paragraph 58(b) of the proposed First Amended Complaint alleges that at a September 2, 2005 board meeting, defendants were told explicitly that the Citigroup/Legg Mason transaction was considered by the SEC, to be a "non-routine event."   Because the defendants were experienced, and very well paid, mutual fund directors (<u>see</u> <u>also</u> paragraphs 10-18 and 20), they had to know that this meant that the shares of beneficial interest could not be voted in the absence of directions from the beneficial holders. Yet, notwithstanding this, the defendants acquiesced in the "echo voting" scheme in order to please Citigroup.   Adding insult to injury, and as paragraph 58(b) makes clear, the DRC's report tries to conceal this with language that is, at best, an intentionally misleading half-truth.   The foregoing, by itself, if proved, should be sufficient to dispel the notion that any of the defendants are "independent" under any definition of the word.   Plaintiff expects discovery to uncover other examples of defendants putting the interests of Citigroup before those of the investors.

## II.   PLAINTIFF SHOULD BE GIVEN LEAVE TO AMEND HIS COMPLAINT

Under Fed. R. Civ. P. 15(a), leave to amend "'shall be freely given when justice so requires.'"   <u>See Rozani v. Sanofi S.A.</u>, 899 F.2d 195, 198, 199 (2d Cir. 1990) ("[D]ismissal of the amended complaint without leave to amend was an abuse of discretion.").   Motions for leave to amend are routinely granted in the absence of unfair prejudice or bad faith.   <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Littlejohn v. Artuz</u>, 271 F.3d 360, 363 (2d Cir. 2001); <u>World Reach Shipping Ltd. v. Indus. Carriers, Inc.</u>, No. 06 Civ. 3756 (NRB), 2006 U.S. Dist. LEXIS 83224 (S.D.N.Y. Nov. 9, 2006) (In granting motion for leave to amend in a maritime case, court noted that

ResQNET.com, Inc. v. Lansa, Inc., 382 F. Supp. 2d 424, 449 (S.D.N.Y. 2005) (leave to amend shall be freely granted); Gillette Co. v. Philips Oral Healthcare, Inc., No. 99 Civ. 0807 (LAP), 2001 U.S. LEXIS 18624, at *44 (S.D.N.Y. Nov. 15, 2001) (in granting motion to amend, court held no demonstration of undue delay or bad faith); Cemar Tekstil Ithalat Ihracat San Ve Tic A.S. V. Joinpac, Inc., No. 91 Civ. 8408, 1993 U.S. Dist. LEXIS 5065, at *2 (S.D.N.Y. Apr. 16, 1993) (in granting motion for leave to amend answer, court noted that it was "rare" for such motions to be denied).   Here, there is no bad faith or prejudice as it is defendants' actions after the filing of the complaint that led to the dismissal and resulting time-consuming appeals.

Where, as here, the additional facts and allegations contained in the new pleading "are closely related to the original claim, and are foreshadowed in earlier pleadings," leave to amend should be granted.   Phillips v. Kidder, Peabody & Co., No. 87 Civ. 4936 (DLC), 1994 U.S. Dist. LEXIS 14578, at *10 (S.D.N.Y. Oct. 13, 1994) (citations omitted).   While plaintiff promptly advised the Court and the parties of his intention to seek leave to amend upon remand, any claim of delay, i.e., during the pendency of the motion to dismiss and subsequent appeals, in and of itself would not be a sufficient basis for denial of the application.   Id. at 10.

"[A]mendment is favored where it would allow the merits of a claim to be fully adjudicated."   Id.   There is little doubt that absent an amended complaint to reflect the actions of the DRC and the results of the subsequent discovery, there will be no adequate adjudication of plaintiff's claims.   See also Journal Publ'g Co. v. American Home Assur. Co., 771 F. Supp. 632, 637 (S.D.N.Y. 1991) (granting motion to amend even though considerable time has passed since initial complaint filed).   The passage of time here was the result of forces beyond the control of the plaintiff.   Moreover, plaintiff now plainly alleges in the proposed First Amended Complaint that the use of "echo voting" was a serious breach of defendants' fiduciary duties.   This is an

6

important corporate governance issue and should be resolved as soon as possible.

In addition, Mass. Gen. Law ch. 156D, § 7.44(d) expressly contemplates the filing of an amended complaint based upon a defendants' filing.   Although § 7.44's procedures are preempted by Fed. R. Civ. P. 12 (see Halebian v. Berv, 644 F.3d at 132), at least under the facts of this action, that the statute contemplates the filing of an amended complaint, by itself, is more than sufficient to satisfy Rule 15(a)'s liberal requirements.

## III.    CONCLUSION

Plaintiff respectfully requests that the Court enter an Order (1) allowing the discovery set forth in the accompanying moving declaration, and (2) allowing plaintiff to file his proposed First Amended Complaint, substantially in the form annexed to the moving declaration.

Dated:   New York, New York
              September 16, 2011                    Respectfully submitted,

                                                              Harwood Feffer LLP

                                            By:      s/Joel C. Feffer
                                                      Joel C. Feffer
                                                      Daniella Quitt
                                                      James G. Flynn
                                                      488 Madison Avenue
                                                      New York, New York 10022
                                                      Telephone: (212) 935-7400

                                                      Attorneys for Plaintiff

7